NO. 28471

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTIAN JOHNSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(Case No. 2DTA-06-02260)

SUMMARY DISPOSITION ORDER
(By: Foley and Fujise, JJ.,
with Nakamura, C.J. concurring separately)

Defendant-Appellant Christian K. Johnson (Johnson) appeals from the February 23, 2007 judgment of the District Court of the Second Circuit, Wailuku Division (district court),[1] convicting Johnson of operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (Supp. 2006) (OVUII), and operating a motor vehicle without no-fault insurance, in violation of HRS § 431:10C-104(b) (2005).

After a careful review of the issues raised, arguments advanced, applicable law, and the record in the instant case, we resolve Johnson's appeal as follows:

1. As for Johnson's conviction for OVUII, in light of the Hawai'i Supreme Court's recent opinion in State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), "the failure of the charge to allege that [Johnson] was driving his vehicle upon a public way, street, road, or highway at the time of the offense rendered the charge deficient." Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180. Although this matter has not been raised by the parties, a "court sua sponte will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid."

---

[1] The Honorable Kelsey Kawano presided.

Meyer v. Territory, 36 Haw. 75, 78 (Haw. Terr. 1942), quoted with approval in Application of Rice, 68 Haw. 334, 335, 713 P.2d 426, 427 (1986).

   2.   As for Johnson's conviction for operating a motor vehicle without no-fault insurance, inasmuch as HRS § 431:10C-107(b) (2005) requires a motor vehicle insurance identification card to "be exhibited to a law enforcement officer upon demand," the testimony of the arresting officer -- that he asked Johnson for proof of insurance and Johnson produced an oil change receipt -- as well as Johnson's failure to produce, at any time, proof of insurance, was sufficient for the district court to infer Johnson did not have insurance.

   Accordingly, we vacate that portion of the District Court of the Second Circuit, Wailuku Division's judgment convicting Johnson of OVUII, affirm the portion of the judgment convicting Johnson of operating a motor vehicle without no-fault insurance, and remand for dismissal of the OVUII charge without prejudice.

   DATED:   Honolulu, Hawai'i, April 29, 2010.

On the briefs:


James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.                    Associate Judge


Scott K. Hanano and
Renee Ishikawa Delizo,
Deputy Prosecuting Attorneys,            Associate Judge
County of Maui
for Plaintiff-Appellee.